UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TOWN OF WESTPORT,

    Plaintiff,

v.

CUSEO FAMILY, LLC, ALBERT CUSEO, III, and A&J FARM STAND, LLC

    Defendants.

No. 3:18-cv-932 (MPS)

## RULING ON MOTIONS TO REMAND

**I.    Background**

Plaintiff the Town of Westport ("the Town") brought this action against Defendants Cuseo Family, LLC, A&J Farm Stand, LLC, and Albert Cuseo, III (collectively, "Defendants") on June 26, 2015, in the Superior Court for the Judicial District of Bridgeport-Fairfield. The Town sought to foreclose upon real estate tax and sewer use liens on a parcel of commercial property located at 1680 Post Road East, Westport, Connecticut. (ECF No. 1 at 17, 27-36.) Defendant Albert Cuseo, III removed the case to this Court on June 4, 2018, citing diversity jurisdiction and federal question jurisdiction, and arguing that removal was timely on the grounds of the plaintiff's bad faith in preventing removal. (ECF No. 1.)

In his Notice of Removal, Cuseo states that co-defendants Cuseo Family, LLC—which he claims was registered in Colorado after being dissolved in Connecticut—and A&J Farm Stand

1

LLC, consent to removal.[1] Cuseo takes issue with the foreclosure proceedings that occurred in Superior Court since 2015, in which the Superior Court entered a judgment of foreclosure in the Town's favor, and states that he "is now turning to the Federal Courts." (ECF No. 1 at 8.) He argues that the Court has federal question jurisdiction because the foreclosure proceedings implicate several of his federal constitutional rights and because they involved alleged violations of the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA").

Shortly after removal, the Court issued an order to show cause why remand was not warranted for lack of subject-matter jurisdiction. (ECF No. 6.) The Order to Show Cause notified Mr. Cuseo that neither diversity nor federal question jurisdiction appeared to exist, and that federal jurisdiction also appeared barred by the *Rooker-Feldman* doctrine. (*Id.*)

Before me now are motions to remand the case back to state court filed by the Town and Defendant Cuseo Family LLC. (ECF Nos. 8, 11.) For the reasons set forth below, the motions are granted. I remand this case to Connecticut Superior Court.

**II.     Discussion**

"In evaluating the propriety of a removal, courts start with the baseline principle that federal courts are courts of limited jurisdiction." *Veneruso v. Mount Vernon Neighborhood Health Center*, 933 F. Supp. 2d 613, 618 (S.D.N.Y. 2013). Thus, "removal jurisdiction exists in a given case only when that jurisdiction is expressly conferred on the courts by Congress." *Id.* (internal quotation marks omitted). Under "28 U.S.C. § 1441, a civil action filed in state court may be removed by the defendant to federal district court if the district court has original subject matter

---

[1] Defendant A&J Farm Stand, LLC has not appeared in this action. Defendant Cuseo Family, LLC has filed a motion to remand indicating that it does not, in fact, consent to removal. (ECF No. 11.)

2

jurisdiction over the plaintiff's claim." *Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 271 (2d Cir. 1994); *see also* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Because "statutory procedures for removal are to be strictly construed," courts "resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

### a. Diversity Jurisdiction

Mr. Cuseo first argues that the Court may exercise jurisdiction over this case on the basis of diversity of citizenship. "Federal courts have original jurisdiction over civil actions" in which diversity jurisdiction exists. *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 385 (S.D.N.Y. 2009). Diversity jurisdiction "exists over 'civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.'" *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (quoting 28 U.S.C. § 1332(a)(1)). "Citizens of different States means that there must be complete diversity, *i.e.*, that each plaintiff's citizenship must be different from the citizenship of each defendant." *Id.* (internal quotation marks omitted).

Cuseo claims in the Notice of Removal that Plaintiff does not reside in the same state as Defendant Cuseo Family, LLC, which is now allegedly domiciled in Colorado. (ECF No. 1 at 12.) Even so, Cuseo, whose address is listed on the docket as 1680 Post Road East, Westport,

Connecticut, himself appears to be domiciled in Connecticut, destroying complete diversity. Moreover, as a citizen of the state in which the action was brought, Cuseo may not remove the action to federal court. *See* 28 U.S.C. § 1441(b)(2); *see also Wells Fargo Bank, Nat'l. Ass. v. White*, No. 3:17-CV-858 (VAB), 2018 WL 650372, at *2 (D. Conn. Jan. 31, 2018) (remanding where the defendant seeking removal was a Connecticut citizen). Because it is Cuseo's burden to establish removal jurisdiction and he has failed to do so on diversity grounds, diversity does not provide a proper basis for federal jurisdiction.

### b. Federal Question Jurisdiction

Mr. Cuseo next argues that the Court may exercise jurisdiction over this case on the basis of a federal question. To show removal was proper on the basis of federal question jurisdiction, a defendant must show that the plaintiff's claims "arise[] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under those laws if either (i) federal law creates one of the causes of action asserted in the complaint, or (ii) Plaintiff's claims fall in a "small category" of cases where "a claim that finds its origins in state rather than federal law" raises a "substantial" federal question. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). More specifically, in the latter category, "federal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id*. at 1065. All four requirements must be met for a case to fall into this "special and small category." *Id*. at 1064-65. "Under the 'well-pleaded complaint rule,' a defendant generally may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case arises under federal law." *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)).

4

The complaint in this case alleges no causes of action created by federal law. Rather, the complaint sought foreclosure of the Town's property tax and sewer use liens under state law, specifically, Connecticut General Statutes §§ 12-181 and 7-258. Therefore, whether federal question jurisdiction exists in this case depends on whether Plaintiff's case falls within the "special and small category of cases," *id.* at 1064, in which the Court must resolve "a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983) (internal quotation marks and citations omitted).

Cuseo claims that the foreclosure case in state court violated several of his constitutional rights, thereby implicating 42 U.S.C. § 1983 (*see* ECF No. 1 at 12), and the federal CERCLA because the property at issue sits on contaminated land. (ECF No. 1 at 9-11.) But Cuseo fails to demonstrate that the Plaintiff's complaint raises any of these federal questions or that the state law claims raise a substantial question of federal law, and the complaint does not appear to do so. Rather, these are Cuseo's anticipated federal defenses to the foreclosure action, which do not give rise to federal question jurisdiction under the well-pleaded complaint rule. *See Franchise Tax Bd.*, 463 U.S. at 14 ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."); *Bank of America Nat'l. Ass. v. Derisme*, 743 F. Supp. 2d 93, 102 (D. Conn. 2010) (granting a motion to remand a state foreclosure action removed on the basis of an anticipated federal defense).

Even if Cuseo were to frame these alleged federal issues as counterclaims, they still would not provide the federal court with jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002) (declining "to transform the longstanding well-pleaded-

5

complaint rule into the 'well-pleaded-complaint-*or-counterclaim* rule'"); *Wells Fargo Bank*, 2018 650372, at *3 (finding that the court lacked federal jurisdiction where a defendant in a state foreclosure case removed the case on the grounds that the foreclosure proceedings violated her rights under, *inter alia*, the Fourteenth Amendment, Seventh Amendment, and Section 1983). Cuseo also fails to demonstrate that the foreclosure case necessarily raises any federal issue that would be capable of resolution in federal court without disrupting the federal-state balance approved by Congress, especially given that judgment has already entered in that case. The Court therefore lacks federal question jurisdiction over this case.

**III.    Conclusion**

For the reasons discussed above, the motions to remand (ECF Nos. 8 and 11) are GRANTED. Because the Court lacks jurisdiction over this case, I need not address whether the *Rooker-Feldman* doctrine otherwise prevents the Court from exercising jurisdiction, whether the lack of unanimity among the defendants prevents removal, or whether removal was timely.

Defendant Cuseo Family, LLC requests that the Court sanction Mr. Cuseo with a monetary fine, but does not formally move for costs and expenses under 28 U.S.C. § 1447(c), and the parties have not briefed the requirements for imposing costs under that provision. I therefore will not impose a fine. Nonetheless, I note that Mr. Cuseo removed this case without a basis in law or fact. He is therefore warned that further attempts to remove this case may result in monetary sanctions under 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:  Hartford, Connecticut
        August 1, 2018